**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| CHRISTOPHER CERESKO, | No. 11-15456 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:09-cv-00483-ECV |
| v. | MEMORANDUM* |
| LVNV FUNDING, LLC; GURSTEL, STALOCH & CHARGO, PA; RUTH A. FISCHETTI, | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Edward C. Voss, Magistrate Judge, Presiding

Argued and Submitted May 15, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Christopher Ceresko appeals the district court's award of attorneys' fees and

costs, pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Act (FDCPA), to LVNV Funding, LLC; Gurstel, Staloch & Chargo, P.A.; and Ruth A. Fischetti (Defendants). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The FDCPA provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). We review the district court's finding of bad faith and harassment for clear error and the court's grant of attorneys' fees for abuse of discretion. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).

The district court found that Ceresko's underlying FDCPA action was brought in bad faith and for the purpose of harassment, because (1) the district court had previously concluded that Ceresko's allegations failed to establish a violation of the FDCPA in the underlying action; (2) Ceresko's counsel "suffered the same result in three previous lawsuits . . . involving different plaintiffs making the same claim: that an allegation or prayer for relief for costs and fees in a state court collection action is a false statement in violation of the FDCPA"; and (3) Ceresko "failed to provide a single citation to a case anywhere in the country where this particular claim had been successful."

2

1. The district court did not clearly err in finding that Ceresko's underlying FDCPA action was brought in bad faith and for the purpose of harassment.

A. The district court had previously concluded that Ceresko had failed to establish a violation of the FDCPA in the underlying action. Ceresko did not appeal or otherwise dispute the district court's conclusion that his underlying action was meritless.[1]

B. Ceresko's counsel had unsuccessfully made similar arguments in two prior cases in the District of Arizona. In those cases, the court decided that an allegation or prayer for relief for costs and attorneys' fees in a state court collection complaint did not violate the FDCPA.[2]

---

[1] Ceresko's handling of the underlying action also shows its lack of merit. After Defendants answered Ceresko's complaint, Ceresko did not serve discovery or otherwise pursue the case. Ceresko did not dispute Paragraph 9 of Defendants' state court collection complaint. Nor did Ceresko dispute the debt or the amount of the debt. When Defendants moved for summary judgment, Ceresko missed the deadline to file for summary judgment and was granted an extension.

Additionally, two earlier lawsuits filed by Ceresko's counsel further illustrate Ceresko's knowledge of these claims. Ceresko's counsel filed an FDCPA action on behalf of Mrs. Ceresko, but Mrs. Ceresko voluntarily dismissed her action a week later. Ceresko's counsel also filed an FDCPA action on behalf of Ceresko, but that action was dismissed pursuant to stipulation by the parties.

[2] *See Cisneros v. Neuheisel Law Firm, P.C.*, No. CV06-1467-PHX-DGC, 2008 WL 65608 (D. Ariz. Jan. 3, 2008); *Winn v. Unifund CCR Partners*, No. CV 06-447-TUC-FRZ, 2007 WL 974099 (D. Ariz. Mar. 30, 2007).

3

In this case, Paragraph 9 of Defendants' state court collection complaint stated: "Pursuant to the terms and conditions and A.R.S. § 12-341 the prevailing party will be entitled to an award of all costs and, pursuant to A.R.S. § 12-341.01, reasonable attorneys' fees incurred in pursuing this action." Paragraph 10, the part of Defendants' complaint challenged by Ceresko in the underlying action, stated: "Court costs as actually incurred are chargeable to [Ceresko]." Read with Paragraph 9, Paragraph 10 constituted an allegation for costs and attorneys' fees in a state court collection complaint. Thus, the underlying action centered on essentially the same argument Ceresko's counsel had unsuccessfully made in two prior cases.

C. Ceresko did not identify any favorable legal authorities applicable to his claim. Ceresko's precedent instead involved cases where attorneys' fees and costs demands were sent to the plaintiffs before the start of judicial proceedings.[3]

Even if we were to disagree with the district court, we cannot conclude that the district court's findings were "illogical, implausible, or without support in the

---

[3] *See Reichert v. Nat. Credit Sys., Inc.*, No. CV-03-1740, 2005 WL 5549677, at *3 (D. Ariz. Mar. 31, 2005); *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 937 (D. Ariz. 2003); *Axtell v. Collections USA, Inc.*, No. CIV 02-0536-PHX-DKD, 2002 WL 32595276 (D. Ariz. Oct. 22, 2002).

4

record." *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010);

*Guerrero*, 499 F.3d at 933.

2. The district court did not abuse its discretion in awarding attorneys' fees. The district court identified and applied the correct legal rule from § 1692k(a)(3). Furthermore, the district court's decision did not result "from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

**AFFIRMED.**[4]

---

[4] We grant the motion of the National Association of Retail Collection Attorneys for leave to file an amicus curiae brief in support of Defendants.

*Ceresko v. LVNV Funding LLC*, No. 11-15456

REINHARDT, Circuit Judge, dissenting:

I dissent. The "least sophisticated debtor," the standard for establishing a violation of the Fair Debt Collection Practices Act ("FDCPA"), *see Guerrero v. RJM Aquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007), would likely have been misled by the inclusion of two separate paragraphs in the collection complaint, one (Paragraph 9) stating that "the prevailing party will be entitled to an award of all costs" and the second (Paragraph 10) stating that "Court costs as actually incurred are chargeable to [the debtor]." The collection complaint provided no information that the second paragraph was true only if the creditor was the "prevailing party." Ceresko therefore presented a "minimally colorable" claim, and the district court clearly erred in finding that his FDCPA action was brought in bad faith and for the purpose of harassment. *See id.* at 940-41.

Moreover, the district court clearly erred in finding that Ceresko's counsel "suffered the same result in three previous lawsuits involving different plaintiffs making the same claim." Two of the cases cited by the district court to support its holding, *Cisneros v. Neuheisel Law Firm*, 2008 WL 65608 (D. Ariz. Jan. 3, 2008), and *Winn v. Unifund CCR Partners*, 2007 WL 974099 (D. Ariz. Mar. 30, 2007), involved claims that a request for a specific sum of attorneys' fees in the prayer for

1

relief was a request for liquidated attorneys' fees, which plaintiffs alleged violated the FDCPA because only reasonable attorneys' fees, not liquidated fees, were recoverable under the agreements. The district courts rejected the FDCPA claims, holding that the "least sophisticated debtor" would understand that "the prayer for relief is aspirational—it describes what the collection agency seeks if it prevails." *Cisneros*, 2008 WL 65608, at *3; *see also Winn*, 2007 WL 974099, at *3. Here, Ceresko claimed that the statement in the *body* of the complaint regarding court costs being allocated to the debtor was misleading because it was represented as a fact although there had been no determination that the creditor was the prevailing party. *Cisneros* and *Winn*, therefore, presented entirely different claims than the one presented by Ceresko here. The third case cited by the district court, *Thompson v. Crown Asset Management, LLC*, 2009 WL 3059123 (D. Ariz. Sept. 23, 2009), presented the same claim as the claim here, but it was not decided until six months *after* the complaint in this case was filed. Neither Ceresko nor his counsel could have known that the claim would be rejected at the time the instant claim was brought.

Finally, the district court ignored the cases cited by Ceresko in support of his FDCPA claim. In *Reichert v. National Credit Systems, Inc.*, 2005 WL 5549677 (D. Ariz. Mar. 31, 2005), *Gostony v. Diem Corporation*, 320 F. Supp. 2d 932 (D. Ariz.

2

2003), and *Axtell v. Collections USA*, 2002 WL 32595276 (D. Ariz. Oct. 22, 2002), the district courts held that a request for attorneys' fees or costs in a demand letter was misleading because no judicial proceedings had been initiated and there had been no determination that the creditor was the prevailing party, as required for the recovery of such fees. Although those cases involved demand letters rather than a complaint in a collection case, the underlying claims are similar to the one here: that a demand for fees or costs by a creditor when there has been no determination that the creditor is the prevailing party, is misleading.

Because the district court's findings were based on clear errors and its analysis of the controlling cases consisted of repeated errors of law, its award of attorneys' fees and costs against Ceresko was clearly erroneous and constituted an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).